**UNITED STATES of America,**

v.

**Frank MAYNARD, Sr., et al.**

**No. CR 02–917.**

United States District Court,
E.D. New York.

Nov. 25, 2002.

Richard H. Rosenberg, New York City, for Frank Maynard.

Joel Winograd, Winograd & Winograd, P.C., New York City, for Garri Zhigun.

Devereaux L. Cannick, Aiello & Cannick, Maspeth, NY, for Jaime Acevedo.

Richard E. Kwasnik, New York City, for Ramona Maynard.

Lawrence Mark Stern, New York City, for Natalie Maynard.

Catherine Wen Hwa So, U.S. Attorney's Office, Brooklyn, NY, for U.S.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Defendant Frank Maynard allegedly engaged in a general broad-based scheme, and one incident, to defraud insurance companies by engaging in staged auto accidents followed by inappropriate litigation, medical and other claims.

He now moves to invalidate paragraph 2(c) of a proffer agreement that he signed before meeting with the government in

December 2001 and January 2002 when he made inculpatory admissions. The relevant paragraph of the agreement provides that the government may use any statement made by the defendant during the meetings:

> [A]s substantive evidence to rebut any evidence offered or elicited, or factual assertions made, by or on behalf of [the defendant] at any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing).

The defendant claims that if the paragraph is enforced he will effectively be precluded from cross-examining government witnesses, including co-conspirators, and from making arguments that test the probative force of the government's case. Because the defendant knowingly and voluntarily waived his rights under the proffer agreement, his motion is denied.

In support of his motion, the defendant cites *United States v. Duffy*, 133 F.Supp.2d 213 (E.D.N.Y.2001) (Gershon, J.). In *Duffy*, the Court struck down paragraph 2 of a virtually identical proffer agreement. The only other reported decision in this circuit that considers the issue rejects *Duffy*. *See United States v. Gomez*, 210 F.Supp.2d 465 (S.D.N.Y.2002) (Chin, J.) (explicitly disagreeing with *Duffy* and holding that "where a proffer agreement is entered into knowingly and voluntarily and its terms are clear and unambiguous, it is enforceable, at least to the extent that the Government may use the defendant's proffer statements to rebut evidence or arguments offered on his behalf at trial, even where he does not testify."). Judge Garaufis also recently rejected *Duffy* in a ruling from the bench. *United States v. Calvin Johnson*, 02 CR 259 (E.D.N.Y.) (NGG). *See also United States v. Krilich*, 159 F.3d 1020, 1024–26 (7th Cir.1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 42, 145 L.Ed.2d 38 (1999); *United States v. Burch*, 156 F.3d 1315, 1320–22 (D.C.Cir.1998), *cert. denied*, 526 U.S. 1011, 119 S.Ct. 1155, 143 L.Ed.2d 220 (1999); *cf. United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (agreement to waive protection of Fed. R.Evid. 410 and Fed.R.Crim.P. 11(e)(6) is valid absent evidence that defendant entered into it unknowingly or involuntarily).

There is much to commend the *Duffy* opinion. *See* Richard B. Fabel and James J. Benjamin, "Are 'Queens for a Day' Pacts Courtesans, N.Y.L.J., June 13, 2001, at 3" ("*Duffy* reveals a collision of fundamental values relating to truth-finding and procedural fairness"). In *Duffy*, Judge Gershon held that the proffer agreement deprived the defendant of his Sixth Amendment right to a "meaningful defense" and the effective assistance of counsel at trial. *See id.* at 216. During a proffer session, the defendant in *Duffy* admitted that he was part of a charged conspiracy and gave specific information regarding his role. *See id.* at 215. Judge Gershon concluded that the possibility that these statements could be admitted at trial effectively precluded the defendant from offering an "affirmative theory of factual innocence" and that, as a practical matter, all the defendant's counsel could do at trial was argue that there was a reasonable doubt. *See id.* at 216. Because the defendant's options in *Duffy* had been narrowed so dramatically, Judge Gershon held that the agreement constituted an impermissible waiver of the Sixth Amendment rights.

In the instant case, the defendant apparently did not fully admit to the broader conspiracy charge in the indictment, but instead admitted to the events relating to a single allegedly staged accident. Unlike *Duffy*, then, the defendant is not in a completely untenable position because his protestations of innocence will not open the door to damaging statements relating to the most serious charge against him.

Defense counsel may argue that the government has not proved its case even as to elements of the crime admitted by defendant in the proffer session. He may attack the credibility of government witnesses and the government's other evidence as not believable or not leading to an inference of guilt beyond a reasonable doubt. The court remains available to provide counsel with some advance warnings of potential dangers, pitfalls, and traps, balancing truth finding with a fair opportunity to defend. "Statements are inconsistent only if the truth of one [necessarily] implies the falsity of the other." *Krilich*, 159 F.3d at 1025–26. Still, defense counsel will be inhibited and placed in a difficult position when attempting to avoid a misstep that will bring down on his client's head evidence of a devastating admission.

In the final analysis the defendant has voluntarily made the bed he has to lie in. Unless he can show that the government did not act in good faith, eliciting the proffer admissions without intending to work out a mutually advantageous plea deal, or that defendant lied in making his admissions because of some improper inducement or coercion by the government, he is stuck with his proffer agreement. There is no showing of overreaching or abuse by the government in this case.

It is always open to the defendant to contend that his admission was wrong and that the truth is to the contrary, as shown by his own testimony at the trial or other evidence. There is no hint that this is or will be the defendant's position.

The motion to suppress statements defendant made at the proffer sessions is denied.

SO ORDERED.